[No. 43590.   En Banc.   July 10, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES A. DAINARD, *Appellant*.

*Collins & Hansen*, by *James R. Brown*, for appellant.

*Paul A. Klasen, Prosecuting Attorney*, and *Ken Jorgensen, Deputy*, for respondent.

ROSELLINI, J.—The appellant, 19 years of age, pleaded guilty to charges of burglary, larceny and taking a motor vehicle without the permission of the owner. At the sentencing hearing, the court had before it an account of the appellant's juvenile court record, which was furnished by the probation and parole office. Included in that office's report was a statement that the appellant had recently been arrested on suspicion of burglary but that no charges had been filed.

The Superior Court refused to suspend sentence and grant probation, stating that the circumstances of the crimes charged were such that the court felt that the appellant should be committed to the Department of Social and Health Services, Division of Institutions.

Being indigent, the appellant obtained court-appointed counsel and appealed to the Court of Appeals, Division Three, which transferred the appeal to this court.

The contention of the appellant is that it was improper for the court to have before it a record of his contacts with the juvenile correctional system and a record of an arrest upon which no charges were filed.

RCW 9.92.060 gives the superior court discretionary power to suspend sentences in all but certain types of cases. No criteria are provided for the exercise of this discretionary power. The Board of Prison Terms and Paroles is given a similar discretion in fixing the minimum sentence (RCW 9.95.040) and in allowing parole (RCW 9.95.110). The superior court and the prosecutor are directed to supply the Board with pertinent background information concerning convicted persons. RCW 9.95.030-.032.

RCW 9.95.200 provides:

> After conviction by plea or verdict of guilty of any crime, the court upon application or its own motion, may summarily grant or deny probation, or at a subsequent time fixed may hear and determine, in the presence of the defendant, the matter of probation of the defendant, and the conditions of such probation, if granted. The court may, in its discretion, prior to the hearing on the granting of probation, refer the matter to the director of institutions or such officers as the director may designate for investigation and report to the court at a specified time, upon the circumstances surrounding the crime and concerning the defendant, his prior record, and his family surroundings and environment.

CrR 7.2 provides for a presentence investigation, to be made upon the order of the court by the Department of Social and Health Services, Division of Institutions. The report shall contain

> any prior criminal record of the defendant and such in-

formation about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court. CrR 7.2(b).

█ We have said that the suspending of a sentence is a matter which rests in the sound discretion of the trial judge, who can make whatever investigation he deems necessary or desirable. *State v. Williams*, 51 Wn.2d 182, 316 P.2d 913 (1957), *State v. Cohen*, 11 Wn.2d 203, 118 P.2d 959 (1941). The court, of course, has no discretion in the fixing of the maximum sentence, that being provided by law. The *Williams* case is cited in 24 C.J.S. *Criminal Law* § 1571(5), at 467 (1961) as illustrative of the general rule.

The court, in passing sentence, may take into consideration other offenses commited by the same person. *Seattle v. Gardner*, 54 Wn.2d 112, 338 P.2d 125 (1959), 134 A.L.R. 1267 *et seq.* (1941).

█ In reviewing an order denying the suspending of a sentence and the granting of probation, the question before the court is whether the trial judge abused his discretion. *State v. Forbes*, 74 Wn.2d 420, 445 P.2d 204 (1968). The determination of the question whether a sentence shall be suspended rests almost exclusively within the discretion of the trial judge. *State v. Riddell*, 75 Wn.2d 85, 449 P.2d 97 (1968).

█ Did the trial judge in this case abuse his discretion in having before him for consideration the juvenile record and information regarding an arrest of the appellant? The position of the appellant, as we understand it, is that the court can consider past crimes of the defendant, but only where there has been a conviction. RCW 13.04.240 provides that an order of court adjudging a child delinquent shall in no case be deemed a conviction of a crime.

We do not find the statutes and CrR 7.2 as narrow in their import as the appellant contends. They provide for the gathering and consideration of all information which

may be helpful in deciding the question whether the defendant is a good risk for probation. Certainly the juvenile record of a young defendant has a significant bearing on this question. We do not understand the appellant to contend that the information before the court was not accurate. If there were false or misleading statements in it, the appellant's counsel was given an opportunity to call them to the court's attention. He has that right under CrR 7.2, and does not deny that he had an opportunity to exercise it.

The majority of courts hold that such records are admissible at sentencing hearings, in the absence of express statutory prohibition. *See Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant*, Annot., 96 A.L.R.2d at § 7[c] (1964); 47 Am. Jur. 2d *Juvenile Courts* § 56 (1969). The leading case is *Commonwealth ex rel. Hendrickson v. Myers*, 393 Pa. 224, 144 A.2d 367 (1958), holding that a record of a juvenile offense was properly brought to the attention of and considered by the court in sentencing a 22-year-old defendant, even though it was provided by statute, as it is in this jurisdiction, that no child should be deemed to have been convicted of a crime by reason of any juvenile court order.[1] The Pennsylvania court in that case said that to deprive the courts of the right to be informed of and to consider the history and background of the person subject to sentence may result in sentences which are unjust and unfair to both society and defendants.

The appellant cites *People v. McFarlin*, 41 Mich. App. 116, 199 N.W.2d 684 (1972). The court in that case held that, under a statute which forbade the use of a juvenile record at a criminal proceeding "for any purpose whatever," such a record could not be considered by the court

---

[1] While increasing recognition is being given to the procedural rights of juveniles, because if they are found to be delinquent they are indeed deprived of their freedom, we believe that the policy which stands behind statutes of this sort—reluctance to stigmatize the child—is still a factor in the legislative and judicial attitude toward juvenile offenders. Upon the question of procedural rights, see the case of *Breed v. Jones*, 421 U.S. 519, 44 L. Ed. 2d 346, 95 S. Ct. 1779 (1975).

for sentencing purposes. We have no statute comparable to the one upon which that decision was based.

We conclude that the applicable statutes, as well as CrR 7.2, are broad enough in their expressed intent to permit the consideration of juvenile records in sentencing hearings.

■ With regard to the question whether the court properly considered information regarding an arrest upon which no charges were filed, we recognize that an arrest, without charge, trial and conviction, is not proof of guilt. It is, however, evidence that the arresting officer considered that he had probable cause to make the arrest. The occurrence is one which has some relevance to the question before the court in a sentencing procedure. We have found arrest records to be relevant and admissible in juvenile hearings. *Monroe v. Tielsch*, 84 Wn.2d 217, 525 P.2d 250 (1974); *Sheppard v. Rhay*, 73 Wn.2d 734, 440 P.2d 422 (1968); *Williams v. Rhay*, 73 Wn.2d 770, 440 P.2d 427 (1968). Such records are considered among the relevant data to be evaluated in sentencing procedures, according to a study made by the National College of the State Judiciary, G. Revelle, *Sentencing and Probation* 127 (1973).

We must assume that the court will give such an occurrence no more weight than it is entitled to and will give the defendant an opportunity to explain the circumstances. It is not denied that the appellant in this case was given such an opportunity. Furthermore, the court said that it did not base its decision on this information and there is nothing before us to indicate that the court necessarily gave it undue weight. Thus, no prejudice has been shown.

We are cited to no case setting aside a sentence on the ground that the trial judge at the sentencing hearing considered evidence that the defendant had been arrested for other offenses. Cases cited in 96 A.L.R.2d 768, at § 7[d] (1964), indicate that it may be prejudicial error to consider a record of arrests if the trial judge is misled thereby and rests his decision on the arrest record. We do not have such a case before us.

Finding no abuse of discretion, we affirm the judgment and sentence.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.