[No. 2993–2.   Division Two.   January 27, 1978.]

*In the Matter of the Personal Restraint of*
KATHERINE FAYE HUGHES, *Petitioner.*

*M. Fred Weedon,* for petitioner.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

JOHNSON, J.*—The petitioner has filed her petition for personal restraint subsequent to the entry of a plea of guilty to the crime of attempted arson in the second degree, the imposition of sentence, and the denial of her motion to permit her to withdraw her plea of guilty.

The only issue presented is: Did the trial court err in refusing to permit her to withdraw the plea of guilty under CrR 4.2(f)? We hold the court did not err.

The petitioner and her husband leased a restaurant known as "The Cedars Restaurant." Because they became heavily indebted, the husband planned and executed an arson, setting fire to the restaurant in order to collect the insurance. Exactly what part the petitioner played in the arson is not set forth in the record, except that she helped him. After the fire, they left the state of Washington, going to Missouri. They were both charged on April 26, 1976, with arson in the first degree and attempted grand larceny. On April 6, 1977, after extradition from Missouri, each was arraigned on the charges and entered a plea of not guilty.

Substantial plea bargaining followed. Petitioner and her husband were represented by the same counsel. It was finally agreed that Mr. Hughes would plead guilty to the crime of arson in the first degree and that the petitioner would plead guilty to the crime of attempted arson in the

*Judge Bertil E. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

second degree, with the recommendation by the prosecuting attorney that she be given a 2–year deferred sentence.

On April 28, 1977, each entered a plea of guilty, as agreed, before the judge assigned to the criminal calendar. Prior to the entry of the plea by the petitioner, the judge carefully explained to her all of her rights, and then inquired,

Do you understand that even though the Court will listen very carefully to any recommendations of counsel, and I notice there are recommendations here, the judge isn't bound by such recommendations and it is up to the judge to determine whether five years in prison or some other sentence is appropriate. Do you understand that?

To this question she responded, "Yes." She also read and signed the "Statement of Defendant on Plea of Guilty" form set forth in CrR 4.2(g). The court suggested that both defendants be assigned to the same judge for sentence, but at the request of counsel for the petitioner each was assigned to a different judge, the petitioner to Judge E. Albert Morrison.

On June 27, 1977, Mrs. Hughes appeared before Judge Morrison for sentence. The prosecutor completely fulfilled his agreement on recommendations and there is no claim that he did not. The court rejected the recommendations and committed petitioner to a maximum term of 5 years in a state institution, giving his reasons therefor. Counsel for petitioner immediately thereafter filed a motion to permit her to withdraw her plea of guilty, which was denied. The next day Mr. Hughes was sentenced by another judge to a maximum term of 20 years, suspended upon condition he serve 2 years in the county jail—6 months "flat time," and 18 months on work release. Petitioner now claims that because of a disparity of sentence she is entitled to withdraw her plea of guilty under CrR 4.2(f). We disagree.

CrR 4.2(f) provides, "The court shall allow a defendant to withdraw his plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice."

■ Probation is not a matter of right. The determination of the question rests almost exclusively with the trial judge. *State v. Blight,* 89 Wn.2d 38, 569 P.2d 1129 (1977); *State v. Dainard,* 85 Wn.2d 624, 537 P.2d 760 (1975); *State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968); *State v. Williams,* 51 Wn.2d 182, 316 P.2d 913 (1957).

In reviewing the denial of probation, the question before the court is whether the trial court abused its discretion. Where the decision or order of the court is a matter of discretion, it will not be disturbed on review, except on a clear showing of abuse, that is, discretion manifestly unreasonable or exercised on untenable grounds or for untenable reasons. In short, discretion is abused only where it can be said no reasonable man would take the view adopted by the court. *State v. Blight, supra; State v. Batten,* 16 Wn. App. 313, 556 P.2d 551 (1976); *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Failure to follow a prosecutor's recommendation is not an abuse of discretion. *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975). The court did not abuse its discretion.

We are not now in a position to judge whether the petitioner's sentence is any more serious than that of her husband, particularly in view of the wide discretion and alternatives for parole vested in the board of prison terms and paroles. We cannot find an inappropriate disparity in the present sentences.

The petitioner made a bargain to plead guilty to a reduced charge, with recommendations from the prosecutor. She was fully advised, and she understood that the court was not bound by the recommendations of counsel. This is a case of the petitioner's being fully aware of her rights and the consequences of her acts, and not getting the desired result.

The petitioner urges us to adopt as the law of this state the provisions of *ABA Standards Relating to Pleas of Guilty* 2.1(a)(ii)(5) (Approved draft, 1968); *Standards Relating to Function of the Trial Judge* 4.1(c)(iii) (Approved draft, 1972); and the Fed. R. Crim. P. 11(e)(4),

which some states have adopted by rule, decision or statute.[1] This we cannot do. This state with a number of other states has rejected these particular standards.[2]

The Supreme Court of this state adopted Superior Court Criminal Rules (CrR) effective July 1, 1973. Included in those rules was CrR 4.2, relating to pleas.

■ In 1966, prior to the adoption of the rules, there was established the Criminal Rules Task Force, whose duty it was to study and consider the proposed rules and alternatives. After many meetings it reported to the Judicial Council, who submitted said report to the Supreme Court. *See Washington Proposed Rules of Criminal Procedure* 48–50 (1971). Included in said proposed rules of criminal procedure are the comments on the rules. *ABA Standards Relating to Pleas of Guilty* §§ 2.1(a)(ii)(5), 3.3(b); *ABA Standards Relating to Function of the Trial Judge* § 4.1(c)(iii). *ABA Standards Relating to Function of the Trial Judge and Federal Rules of Criminal Procedure* 11(e)(4) provide in essence that the defendant shall have the right to withdraw his plea of guilty if the court determines not to grant the sentence concessions contemplated by the plea agreement.

*ABA Standards Relating to Pleas of Guilty* § 3.3(b) relates to plea agreements and provides, in part:

> If the trial judge concurs, but later decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty . . .

CrR 4.2(e) also relates to plea agreements and in some respects is similar to *ABA Standards Relating to Pleas of*

---

[1]*See, e.g.,* Cal. Penal Code § 1192.5 (1977); *People v. Wright,* 559 P.2d 249 (Colo. Ct. App. 1976); *State v. Goodrich,* 116 N.H. 477, 363 A.2d 425 (1976); *Commonwealth v. Sutherland,* 234 Pa. Super. Ct. 520, 340 A.2d 582 (1975).

[2]*See, e.g., State v. Armstead,* 13 Wn. App. 59, 533 P.2d 147 (1975); *Commonwealth v. Stanton,* 317 N.E.2d 487 (Mass. App. 1974); *State v. Ramos,* 85 N.M. 438, 512 P.2d 1274, 66 A.L.R.3d 896 (1973); *Cruz v. State,* 530 S.W.2d 817 (Tex. Crim. App. 1975).

*Guilty* § 3.3(b), but entirely deletes the matter of plea withdrawals and in lieu thereof provides, in part:

> No agreement shall be made which specifies what action the judge shall take on or pursuant to the plea or which attempts to control the exercise of his discretion, and the court shall so advise the defendant.

In this regard the comment of the task force is particularly important, wherein we find these statements:

> This rule is similar to ABA . . . Standards Relating to Pleas of Guilty . . . § 3.3(b)) except that the instant rule envisions no statement of commitment, however tentative, by the judge.
>
> . . . It was the intent of the Task Force that no plea bargaining agreement should constrict the court's discretion.

*Washington Proposed Rules of Criminal Procedure* at 49.

Sections 2.1(a)(ii)(1–5), *ABA Standards Relating to Pleas of Guilty*, sets forth the standards for the withdrawal of pleas necessary to correct a manifest injustice. Subsection (ii) provides:

> Withdrawal is necessary to correct a manifest injustice whenever . . .
>
> . . .
>
> (5) *he did not receive the charge or sentence concessions contemplated by the plea agreement concurred in by the court, and he did not affirm his plea after being advised that the court no longer concurred and being called upon to either affirm or withdraw his plea.*

This is almost identical with *ABA Standards Relating to Pleas of Guilty* § 3.3(b).

CrR 4.2(f) is somewhat similar to *ABA Standards Relating to Pleas of Guilty* § 2.1(a)(ii), but is paraphrased, and completely eliminates section 2.1(a)(ii)(5). The comment of the task force reflects that it considered section 2.1(a)(ii) of *ABA Standards Relating to Pleas of Guilty,* and as its criteria included only subsections 1 to 4 of 2.1(a)(ii). *Washington Proposed Rules of Criminal Procedure* at 50.

Thus we must conclude that the task force and the Supreme Court considered the *ABA Standards Relating to*

*Pleas of Guilty,* including sections 3.3(b) and 2.1(a), which are in effect the same as section 4.1(c), *ABA Standards Relating to Function of the Trial Judge,* and the Federal Rules of Criminal Procedure 11(e)(4), and rejected the provisions of those standards which granted to the defendant a right to withdraw his plea if the trial court did not concur in the plea concessions as to sentence.

The task force and the Supreme Court had before them several available options pertaining to the withdrawal of pleas of guilty. It could have followed the standards, but it did not. Rather, it adopted the more stringent manifest injustice test. As a consequence of the new rule, the burden was changed which the defendant must satisfy in order to withdraw his guilty plea. *State v. Armstead,* 13 Wn. App. 59, 533 P.2d 147 (1975). The burden is expressed in *State v. Taylor,* 83 Wn.2d 594, 596, 521 P.2d 699 (1974).

> Under CrR 4.2(f), adopted by this court, the trial court shall allow a defendant to withdraw his plea of guilty whenever it appears that withdrawal is (1) *necessary* to correct a (2) *manifest injustice, i.e.,* an injustice that is obvious, directly observable, overt, not obscure.

This is a demanding standard. We see no abuse in the finding by the trial court that the defendant has not met that burden.

The petition is denied and the trial court is affirmed.

REED, A.C.J., and PETRIE, J., concur.