[No. 5364–1.   Division One.   May 30, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. ROSALIO HERNANDEZ, *Appellant.*

226

*Angevine & Johnson* and *Earl F. Angevine,* for appellant.

*Patrick R. McMullen, Prosecuting Attorney,* and *Glenn Reed, Deputy,* for respondent.

WILLIAMS, J.—Rosalio Hernandez was convicted of a rape that occurred on September 6, 1975. On September 8, 1975, the statute under which he was charged, convicted, and sentenced (RCW 9.79.010) was repealed and a new rape statute, RCW 9.79.140–.220, took effect. After conviction, Hernandez was sentenced to the Department of Institutions for a term of not less than 5 nor more than 20 years.

The sentencing judge, in deciding not to grant probation, included in his consideration the evidence presented against Hernandez in a burglary trial over which the judge presided and in which the jury returned a verdict of not guilty.

Hernandez appeals, contending (1) that the court erred in allowing him to be charged and sentenced under the repealed statute; and (2) that the sentence must be vacated because the court gave undue weight to his alleged participation in a crime for which he was found not guilty. We affirm.

Hernandez' first contention is without merit. The general saving statute, RCW 10.01.040, required that he be charged and sentenced under RCW 9.79.010, which was in effect at the time the crime was committed. *State v. Fenter,* 89 Wn.2d 57, 569 P.2d 67 (1977); *State v. Hanlen,* 193 Wash. 494, 76 P.2d 316 (1938); *State v. Walker,* 7 Wn. App. 878, 503 P.2d 128 (1972). The 1975 rape statute, RCW 9.79.140–.220, contains no language that even remotely suggests an intention that it apply to a crime committed before its effective date. *Cf. State v. Grant,* 89 Wn.2d 678, 575 P.2d 210 (1978); *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970).

Hernandez' second contention places at issue the effect of the trial court's consideration of Hernandez' prior burglary trial. Initially, we observe that the court had no choice but to sentence Hernandez at least to a term of not more than 20 and not less than 5 years. RCW 9.79.010; RCW 9.95.010; *Alderman v. Timpani*, 56 Wn.2d 20, 351 P.2d 163 (1960); *Bass v. Smith*, 26 Wn.2d 872, 176 P.2d 355 (1947). The court could not suspend the sentence because Hernandez was convicted of the crime of rape. RCW 9.92.060. However, the court could have granted probation and deferred the imposition or execution of the sentence under RCW 9.95.200–.210. *State v. Davis*, 56 Wn.2d 729, 355 P.2d 344 (1960). The real issue, therefore, is whether the trial judge abused his discretion in denying Hernandez probation. He did not.

Granting probation is not a matter of right, but is a matter of grace, privilege, or clemency extended to the deserving and withheld from the undeserving, as the discretion of the trial judge may direct. *State v. Shannon*, 60 Wn.2d 883, 376 P.2d 646 (1962); *State v. Farmer*, 39 Wn.2d 675, 237 P.2d 734 (1951). Abuse of discretion exists only where it can be said that no reasonable man would have taken the view adopted by the trial court. *State v. Blight*, 89 Wn.2d 38, 569 P.2d 1129 (1977); *State v. Birdwell*, 6 Wn. App. 284, 492 P.2d 249 (1972). Moreover, highly relevant, if not essential, to a trial judge's ruling on probation is the possession of the fullest information possible concerning the defendant's life and characteristics. *State v. Derefield*, 5 Wn. App. 798, 491 P.2d 694 (1971).

The court's consideration of Hernandez' alleged complicity in the burglary was proper on the issue of whether he should have been granted probation, even though Hernandez was found not guilty in the burglary trial. The broad discretion conferred upon the sentencing judge includes consideration of evidence of that type. *United States v. Cardi*, 519 F.2d 309 (7th Cir. 1975). In *United States v. Sweig*, 454 F.2d 181, 184 (2d Cir. 1972), the court stated:

Appellant argues that his case is distinguishable because none of the other cases concerned with this issue involved the consideration of evidence on charges of which the defendant was *acquitted*. However, just as the sentencing judge may rely upon information as to crimes with which the defendant has been charged but not tried, see United States v. Doyle [348 F.2d 715 (2d Cir.), *cert. denied*, 382 U.S. 843, 15 L. Ed. 2d 84, 86 S. Ct. 89 (1965)], so here the judge could properly refer to the evidence introduced with respect to crimes of which defendant was acquitted. Acquittal does not have the effect of conclusively establishing the untruth of all the evidence introduced against the defendant. For all that appears in the record of the present case, the jury may have believed all such evidence to be true, but have found that some essential element of the charge was not proved. In fact the kind of evidence here objected to may often be more reliable than the hearsay evidence to which the sentencing judge is clearly permitted to turn, since unlike hearsay, the evidence involved here was given under oath and was subject to cross-examination and the judge had the opportunity for personal observation of the witnesses.

The judge considered Hernandez' juvenile record, his burglary trial, and his leadership role in the brutal rape for which he was convicted, all of which were proper considerations. There is nothing to indicate that he necessarily gave the burglary trial undue weight. *See State v. Dainard*, 85 Wn.2d 624, 537 P.2d 760 (1975) (arrest without trial or conviction held to be proper matter for consideration by the court at sentencing). *See also State v. Cherry*, 15 Wn. App. 547, 550 P.2d 543 (1976). *Cf. United States v. Duhart*, 496 F.2d 941, 946 (9th Cir. 1974) (sentence vacated because judge's comments held to have evinced "an undisciplined and unjudicial surrender to hot blood.").

Judgment affirmed.

ANDERSEN and DORE, JJ., concur.