[No. 5689–1. Division One. July 3, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. RODNEY ALBERT WILCOX, *Appellant*.

---

618

*Carlson & Spencer* and *Richard Carlson,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

SWANSON, J.—Rodney Albert Wilcox appeals a conviction of driving while intoxicated, contending the trial court erred in (1) failing to establish a record of the waiver of court reporter and (2) abusing its discretion during sentencing.

A state patrolman stopped Wilcox on July 16, 1976. After an altercation Wilcox was charged with driving while intoxicated and resisting arrest. Convictions in district court were appealed and tried de novo to a jury in superior court. A court reporter was not present at trial. Nothing in the record reflects why such was the case nor the degree of the defendant's participation in the decision not to make a verbatim record. Defendant was found guilty of driving while intoxicated and not guilty of resisting arrest.

It is undisputed that the Constitution of the State of Washington provides criminal defendants a right of appeal in all cases. Const. art. 1, § 22. Further, superior courts are to be courts of record. Const. art 4, § 11. From this Wilcox argues that a *verbatim* record is so integral to an accused's right of appeal a waiver of same must be demonstrated by the record to have been knowing and voluntary. In the absence of any record explaining why the services of a court reporter were not utilized at trial, he urges a new trial be ordered.

Courts will "indulge every reasonable presumption against the waiver of fundamental constitutional rights," *Little v. Rhay,* 8 Wn. App. 725, 728, 509 P.2d 92 (1973). *See, e.g., State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976) (waiver of one's statutory right to a speedy trial must be knowing); *Weitzman v. Bergstrom,* 75 Wn.2d 693, 453 P.2d 860 (1969) (entry of a guilty plea constitutes a waiver of certain constitutional rights which cannot be presumed from a silent record), but the right to have a court reporter transcribe a verbatim report does not fall within such a protective category.

This is evidenced by the Rules of Appellate Procedure which provide for three different methods of reporting trial proceedings: the verbatim report of proceedings, RAP 9.2; the narrative report of proceedings, RAP 9.3; and the agreed report of proceedings, RAP 9.4. Further, RCW 2.32-.200, which defines the duties of a court reporter, illustrates that it is the legislature's intent that a full report of oral proceedings be taken at the affirmative request of either party or counsel, or at the option of the trial judge.

> [U]pon the trial of any cause in any court, *if* either party to the suit or action, or his attorney, *request* the services of the official reporter, the presiding judge shall grant such request, or upon his own motion such presiding judge *may* order a full report of the testimony, exceptions taken, and all other oral proceedings . . .

(Italics ours.) RCW 2.32.200. Appellant does not contend he made a request for the services of a court reporter. The

trial judge has no duty to prepare a record solely for the purpose of establishing that an accused knowingly and voluntarily waived his right to a court reporter and a verbatim report.

■ Wilcox also argues that the trial court abused its discretion during sentencing by giving undue weight to circumstances surrounding a resisting arrest charge of which the defendant was acquitted. The trial court is generally expected to consider any and all information deemed helpful in making sentencing decisions. *See* CrR 7.2; *State v. Dainard,* 85 Wn.2d 624, 537 P.2d 760 (1975). "To this end, the trial court may consider arrests that have not resulted in convictions." *State v. Blight,* 89 Wn.2d 38, 41, 569 P.2d 1129 (1977). The information complained of, then, was properly before the court. The discretionary power of the trial court when sentencing is broad.

> Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

*State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The record reveals that the trial court reviewed a number of factors before imposing sentence. Although the court may have overstated its personal belief that Wilcox escaped conviction of resisting arrest by a legal technicality, such statements are countered by consideration of more appropriate material for sentencing. Thus, the broad discretion of the trial court was not abused.

Affirmed.

James and Williams, JJ., concur.