595 P.2d 1040

STATE of Arizona, Appellee,

v.

Christopher E. KELLY, Appellant.

1 CA–CR 3449.

Court of Appeals of Arizona,
Division 1,
Department A.

May 15, 1979.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Thinnes & Rawles by Thomas A. Thinnes and Thomas V. Rawles, Phoenix, for appellant.

## OPINION

DONOFRIO, Acting Presiding Judge.

Appellant, Christopher E. Kelly, was convicted following a jury trial of assault with a deadly weapon, A.R.S. § 13–249. The court sentenced him to a term of not less than eight nor more than twelve years in prison. He subsequently lodged his first appeal in this Court. *State v. Kelly,* 1 CA–CR 1803. While this appeal was pending, appellant filed a petition for post-conviction relief, 17 A.R.S., Rules of Criminal Procedure, rule 32. The court afforded him an evidentiary hearing, after which the petition was granted. Appellant then filed a motion to dismiss the appeal under 17 A.R.S., Rules of Criminal Procedure, rules 31.4(a)(2) and 31.15(a)(2), and we dismissed the appeal.

Appellant's initial success, however, was short lived because we granted the State's petition for review and vacated the order for a new trial. *State v. Kelly,* 118 Ariz. 413, 577 P.2d 264 (1978). Following this turn of events, appellant successfully sought a delayed appeal, which was granted, and the present appeal is now before this Court. The facts are set forth in this Court's opinion in *State v. Kelly,* supra, and need not be repeated here for a resolution of the issues presented.

The first issue is whether appellant was properly sentenced under A.R.S. § 13–249(B) rather than A.R.S. § 13–249(A) by reason of the information's failure to give him adequate notice that he was being charged under Subsection B. As of the date of the assault, the statute in question read as follows:

"A. A person who commits an assault upon the person of another *with a deadly weapon or instrument,* or by means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.

B. A crime as prescribed by the terms of subsection A, committed by a person armed *with a gun or deadly weapon,* is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense, shall the person convicted be eligible for suspension or commutation of sentence." (Emphasis Supplied)

The information in pertinent part read: "IN THE NAME AND BY THE AUTHORITY OF THE STATE OF ARIZONA, Christopher E. Kelly is accused this 19th day of September, 1975 by the County Attorney of Maricopa County, State of Arizona, by this Information, of the

crimes of Ct. I Assault With a Deadly Weapon * * * committed as follows, to-wit:

The said Christopher E. Kelly on or about the 7th day of September, 1975 and before the filing of this Information at and in the County of Maricopa, State of Arizona, *while armed with a gun or deadly weapon* assaulted Conrad Albert Wagoner, *with a deadly weapon or instrument, to-wit: a gun,* all in violation of A.R.S. § 13–249; * * *." (Emphasis Supplied)

Appellant's argument is that the Information failed to give adequate notice that he was being charged under the provisions of Subsection B with its increased penalties. He relies upon *State v. Garcia,* 114 Ariz. 317, 560 P.2d 1224 (1977), arguing, that here as in *Garcia,* the Information used language applicable to both Subsections A and B of A.R.S. § 13–249 without a specification as to which subsection the State was alleging. The phrase, "[while] armed with a gun or other deadly weapon," is the phrase that appears in Subsection B. However the Information goes on to allege that the victim had been assaulted "with a deadly weapon or instrument" which is language that is found only in Subsection A.

We hold that the Information gave adequate notice that appellant was being charged under A.R.S. § 13–249(B). Not only does the initial crucial phrase "while armed with a gun or other deadly weapon" come from Subsection B, but also the subsequent phrase, "with a deadly weapon or instrument," which may tend to draw the reader's attention to Subsection A, is modified by the following phrase: "to-wit: a gun." The facts in this case also clearly involve the use of a gun. At least three shots were fired at the victim. We hold that since in this case the weapon used, a gun, was specifically enumerated in Subsection B of A.R.S. § 13–249 and since the Information clearly specified that a gun was used, no possible confusion could have resulted. *State v. Kidd,* 116 Ariz. 479, 569 P.2d 1377 (1977); *State v. Gordon,* 120 Ariz. 172, 584 P.2d 1163 (1978).

Appellant next alleges as error certain questions propounded to his father by the prosecutor during cross-examination. On direct, appellant's father had testified about the nature and extent of the injuries to appellant resulting from the initial altercation in the van. The prosecutor then asked:

"Q. Are you aware that when someone is booked into the County jail they take a mug shot of them, a picture?

A. I understand they do, yes.

Q. You didn't arrange to have a picture of him showing his injuries brought to court?

MR. GUTHRIDGE: Objection. May we approach the bench, your Honor?

THE COURT: Yes."

Appellant complains that these questions constituted cross-examination by insinuation. The allegation is that the prosecutor knew that no mug shot had been taken of appellant on the night of his arrest and that, therefore, it would have been impossible for appellant's father to arrange to have that photograph brought to court. Such questioning, dropped without an effort to prove the point, has been condemned. *State v. Singleton,* 66 Ariz. 49, 182 P.2d 920 (1947). We note, however, that the objection in the trial court was that the questions constituted a comment on appellant's right to remain silent. The objection raised on appeal is different than that raised in the trial court. As the Supreme Court of Arizona has recently said, raising one objection at trial does not preserve another objection on appeal. *State v. Long,* 119 Ariz. 327, 580 P.2d 1181 (1978).

Furthermore, the foundation for the argument that this was cross-examination by insinuation is that the prosecutor knew that no mug shots had been taken. Aside from the statement by counsel for appellant that the prosecutor knew that no mug shots had been taken, there is nothing on the record to show that the prosecutor knew this before the questions were asked. Also, the prohibition on cross-examination by insinuation applies with full force when the person being questioned is a defendant

and the questions involve the commission of prior felonies. Where, however, the person being questioned is not the defendant and the questions have nothing to do with whether the defendant has committed prior felonies, the bar to such cross-examination operates with far less force. *State v. Hill*, 109 Ariz. 93, 505 P.2d 553 (1973). In the context of this record and in view of the particular circumstances under which the questions were asked, we hold that if they were error they were not prejudicial.

The third alleged error arises from the fact that the prosecutor had the victim remove his shirt in front of the jury and point to the wounds he received. Appellant objected in the trial court and here on the basis that the demonstration was purely inflammatory. The prosecutor's justification for having the victim display his wounds was that the display helped the jury see the angles at which the bullets entered his body and that it enabled the victim to point out the entry and exit wounds. This was important because of the nature of the self-defense theory propounded by appellant. Obviously, if the entry wounds were in front of the victim's body, a self-defense theory would be more credible. On the other hand, if the entry wounds were from the rear then the self-defense theory would not be supported. Appellant observes that the State was aware of a medical opinion that whether a wound is an exit or entry wound cannot be determined from examination of the wound itself. See *State v. Kelly*, supra. However, although the jury may not have been able to determine from an examination of the wound itself which was an entry and which was an exit wound, the victim could certainly testify about where the bullets entered and exited his body.

The admission into evidence of gruesome displays solely to inflame and arouse the passions of the jury is reversible error. *State v. Steele*, 120 Ariz. 462, 586 P.2d 1274 (1978). This is because the jury may well be led to convict because of their revulsion at the nature of the injuries to the victim rather than because the State has proven

the elements of crime. However, when such evidence relates to a material aspect of the case, the admission of the evidence depends upon a balancing of its probative value against its potential to prejudice the jury. Here the materiality of the display was undeniable. There was no better witness than the victim to show the jury exactly where the bullets entered his body and where they exited. This was relevant to the issue of self-defense. The questions asked of the victim by the prosecutor during the display focused precisely upon the issue of the location of entry and exit wounds. The display was not unnecessarily long and the prosecutor stayed within proper bounds. We can see no abuse of discretion in allowing the victim to display his wounds in this manner.

The final issue concerns sentencing. At the presentence hearing the State put on evidence of a prior kidnap and assault allegedly committed by appellant. Appellant objected to this evidence because the kidnapping charge had gone to trial and appellant had been acquitted and the assault charge had been dismissed prior to trial because of a problem with time limits under 17 A.R.S., Rules of Criminal Procedure, rule 8. Appellant complains on appeal that he was denied a fair and impartial sentencing by reason of the introduction of this evidence.

In making sentencing decisions, a trial court which is vested with discretion as to the limits of the sentence may consider all information possible about the defendant's past conduct. *State v. Smith*, 107 Ariz. 218, 484 P.2d 1049 (1971); *State v. Fenton*, 86 Ariz. 111, 341 P.2d 237 (1959), Cert. Denied, 361 U.S. 877, 80 S.Ct. 142, 4 L.Ed.2d 115. In performing this function, the trial judge is not necessarily restricted to considering only evidence admissible at trial. *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974); see *State v. Munoz*, 110 Ariz. 419, 520 P.2d 291 (1974). This broad discretion to consider all relevant information extends even so far as to allow consideration of evidence of crimes for which the defendant has been charged, tried and ac-

quitted. *United States v. Sweig*, 454 F.2d 181 (2d Cir. 1972); *United States v. Haygood*, 502 F.2d 166, 171–72, N. 16 (7th Cir. 1974), Cert. Denied, 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 812; *United States v. Cardi*, 519 F.2d 309, 314 N. 3 (7th Cir. 1975); *Billiteri v. United States Bd. of Parole*, 541 F.2d 938 (2nd Cir. 1976); *State v. Hernandez*, 20 Wash.App. 225, 581 P.2d 157 (1978); *State v. Wilcox*, 20 Wash.App. 617, 581 P.2d 596 (1978).

In holding that a sentencing court could properly consider evidence of crimes of which the defendant had been acquitted, the court in *United States v. Sweig* said: " * * * just as the sentencing judge may rely upon information as to crimes with which the defendant has been charged but not tried, * * * so here the judge could properly refer to the evidence introduced with respect to crimes of which defendant was acquitted. Acquittal does not have the effect of conclusively establishing the untruth of all the evidence introduced against the defendant. For all that appears in the record of the present case, the jury may have believed all such evidence to be true, but have found that some essential element of the charge was not proved. In fact the kind of evidence here objected to may often be more reliable than the hearsay evidence to which the sentencing judge is clearly permitted to turn, since unlike hearsay, the evidence involved here was given under oath and was subject to cross-examination and the judge had the opportunity for personal observation of the witnesses." 454 F.2d at 184.

We find this reasoning to be persuasive and hold that if indeed the court did consider this evidence in determining the sentence to be imposed it was not error. In imposing sentence, however, the court remarked that although it had heard about these two incidents, the sentence he imposed would have been the same whether or not he had heard the evidence of the two other crimes. Thus, even had it been error for the court to consider this evidence, it appears that there was no resulting prejudice to appellant.

Affirmed.

SCHROEDER, J., and HENRY S. STEVENS, J., retired, concur.