[No. 3315-5-III. Division Three. June 10, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
FAULCONER, *Appellant*.

*Roland L. Skala* and *Weeks, Dietzen & Skala*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *John C. Monter, Deputy*, for respondent.

McINTURFF, A.C.J.—The defendant, James Faulconer, appeals from a decision of the Superior Court denying his request to withdraw his guilty plea to a charge of driving while intoxicated (DWI) and vacate the sentence entered by the district court.

Mr. Faulconer was arrested for driving while intoxicated on February 19, 1978. As he was awaiting arraignment, he witnessed persons pleading guilty to DWI and observed sentences received by them. One or two defendants pleading guilty to charges of driving while intoxicated as first offenders were ordered to pay a fine but their sentences were suspended. Relying on what he had observed respecting sentences, Mr. Faulconer elected to plead guilty. After being advised of his rights and signing a written statement on a guilty plea, the judge asked him if he had any prior convictions, to which he responded, "no." The records before the judge, however, revealed Mr. Faulconer had previously been arrested for driving while intoxicated, but the charge had been dismissed on speedy trial grounds. With this information, the judge sentenced Mr. Faulconer to 90 days in jail with 60 days suspended, and imposed a $304 fine.

On appeal to the Superior Court, Mr. Faulconer challenged the legality of his sentence and moved for permission to withdraw his guilty plea. Finding no abuse of discretion, the court remanded the case to district court for imposition of sentence.

On appeal, Mr. Faulconer argues for permission to withdraw his guilty plea because it was not made with full knowledge of the attendant consequences. First, he argues he was not informed of the consequences with respect to the suspension of his driver's license. This argument is not well taken. By stipulation, Mr. Faulconer was advised of "all of his rights" prior to the court's acceptance of his plea, and the "statement of defendant on guilty plea" signed by Mr. Faulconer states in part: "I acknowledge that my guilty plea is being made with full knowledge of the consequences,

including for this traffic offense the loss of my driving privileges."

Secondly, Mr. Faulconer argues his plea was not voluntary as he was misled by the court's practice of giving suspended sentences to first offenders and "he had every reason to expect similar treatment" notwithstanding his prior arrest for the same offense. No motion for withdrawal of his plea was made in district court presumably because JCrR 3.06(2) limits withdrawal to the time before entry of judgment.[1]

Under CrR 4.2(f), a defendant may withdraw his plea whenever it appears necessary to correct a manifest injustice.

> "The mere fact, however, that an accused, knowing his rights and the consequences of his act, hoped or believed that he would receive a shorter sentence or a milder punishment or some other favor by entering a plea of guilty than that which would fall to his lot after trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea of guilty.

*State v. Rose*, 42 Wn.2d 509, 519, 256 P.2d 493 (1953), quoting from *People v. Bonheim*, 307 Ill. 316, 138 N.E. 627 (1923); *see also In re Hughes*, 19 Wn. App. 155, 158, 575 P.2d 250 (1978).

Here, Mr. Faulconer acknowledged the maximum penalty for driving while intoxicated was 1 year in jail and a $1,000 fine. He received a 90–day sentence with 60 days suspended and a $304 fine. His unilateral but unfulfilled expectation of leniency, without more, does not necessitate withdrawal of his guilty plea in order to correct a manifest injustice. Furthermore, the defendant stipulated:

> The police reports relative to the instant case, for purposes of review only, sufficiently support the petitioner's

---

[1] JCrR 3.06(2):

"The court may, at any time before judgment, permit any plea to be withdrawn and an appropriate plea substituted, if it deems such action necessary in the interest of justice."

plea of guilty. The court heard the reports prior to sentencing and they show that the petitioner lost control of his vehicle in I-82, spinning to a complete 180 degree turn. The breathalyzer reading was .11.

Next, Mr. Faulconer challenges the validity of his sentence contending the district court gave undue weight to his prior arrest for driving while intoxicated and failed to afford him an opportunity to explain the circumstances of the prior arrest before sentencing him.[2]

■ Under CrR 7.2, the trial court is generally expected to consider any and all information deemed helpful in making sentencing decisions. *State v. Wilcox,* 20 Wn. App. 617, 620, 581 P.2d 596 (1978). To this end, the trial court may consider arrests which have not resulted in convictions. *State v. Blight,* 89 Wn.2d 38, 41, 569 P.2d 1129 (1977). An arrest without conviction is not proof of guilt.

It is, however, evidence that the arresting officer considered that he had probable cause to make the arrest. The occurrence is one which has some relevance to the question before the court in a sentencing procedure.

*State v. Dainard,* 85 Wn.2d 624, 628, 537 P.2d 760 (1975). In this context, the requirements of procedural due process are satisfied if the defendant is given an opportunity to rebut or explain the circumstances of the prior arrest. *State v. Bolton,* 23 Wn. App. 708, 712-13, 598 P.2d 734 (1979), and cases cited.

■ It is not known what facts and circumstances of the prior arrest were before the sentencing judge. Notwithstanding this, the Superior Court reviewed the facts of the prior arrest together with the present charge and concluded the sentence was not unreasonable or an abuse of discretion.[3] Mr. Faulconer contends he was sentenced as a

---

[2]We will not address Mr. Faulconer's appearance of fairness challenge to the district court proceedings because it is raised for the first time on appeal and relates not to the sentencing proceeding but to an informal post-sentence conference between the judge, the defendant's attorney, and the prosecutor.

[3]Unchallenged finding of fact No. 6 read:

second offender with the prior arrest the equivalent of a conviction. But this contention ignores the fact that the suspension of the sentence is a matter for the discretion of the trial court and probation is an act of grace, not entitlement. *State v. Dainard, supra* at 626; *State v. Blight, supra* at 40. Conceivably, Mr. Faulconer could have received the same sentence without consideration of the

---

"The facts of the case which Judge Mullins referred to as having been charged, but dismissed for a violation of the speedy trial rule are as follows:

"A. Mr. Faulconer was charged under Yakima County District Cause No. YT–76–0009 and later under Yakima County Superior Court Cause No. 59612 for the charge of driving while intoxicated. A complaint was initially filed against Mr. Faulconer on January 2, 1976.

"B. The defendant had been arrested at his residence after officers observed him speeding. When the officers approached him at his residence, they detected an odor of alcohol on his breath. The defendant was thereafter transported to the Yakima County Sheriff's Office and was given a breathalyzer test, the results of which indicated a .13 percent alcohol in the blood.

"C. As the defendant had appeared pro se at the time of his arraignment and neglected to demand a jury trial, the case was originally set non–jury for February 27, 1976. A written demand for a jury trial was subsequently filed and the case was reset for jury trial on March 3, 1976, with a pre–trial hearing set for February 19, 1976.

"D. At the time of the pre–trial hearing, Mr. Robert Bounds appeared for the City of Yakima. The matter was heard before the Honorable Thomas E. Grady, Jr., judge of the Yakima County District Court.

"E. During the hearing, Mr. Bounds mentioned that the Falconer [*sic*] case was double set with a case involving another city defendant, and a discussion was had concerning a continuance of the Faulconer case. It was Judge Grady's opinion at the time that the matter of continuing cases at the District Court level due to docket congestion had not been decided by the appellate courts and the Yakima County District Court was in need of some guidance from the Superior Court or from the Court of Appeals regarding that type of continuance. It was agreed by all present that the matter should be presented to the Superior Court.

"F. The Faulconer case was chosen to be continued as opposed to the other case scheduled at the same time. This was done because the prosecutor (Mr. Bounds) felt that no grave injustice would be done if the Faulconer case were dismissed.

"G. As per the agreement, at the end of the sixty day period an Order was signed by Judge Grady denying defendant Faulconer's motion for dismissal and the matter was then taken to the Superior Court on a writ. The matter was heard at the Superior Court level by the Honorable Walter A. Stauffacher, who ruled that docket congestion was not a valid cause for continuance at the District Court level. A decision was made by the City of Yakima at that point not to appeal the decision further in light of the authority presented to the Superior Court at the time of the hearing."

prior arrest. In view of his prior arrest, the judge may have felt the sentence was a necessary deterrent to the defendant and others whose conduct on the highways endangers innocent lives.[4]

The court sentenced Mr. Faulconer within the limitations of the statute.[5] The prior arrest may be considered by the sentencing judge, but Mr. Faulconer must be given an opportunity to rebut or explain the circumstances of that arrest before the sentence is determined.

The sentence is vacated and the case remanded to district court for resentencing in a manner consistent with this opinion.

MUNSON and ROE, JJ., concur.

Reconsideration denied July 9, 1980.

Review denied by Supreme Court September 19, 1980.

---

[4]We have no record of what, if any, reasons for the sentence were stated by the district court judge to Mr. Faulconer.

[5]RCW 46.61.515 (in effect at the time in question) provided in pertinent part:

"(1) Every person who is convicted of a violation of (a) driving a motor vehicle while under the influence of intoxicating liquor or (b) driving a motor vehicle while under the influence of a drug . . . shall be punished by imprisonment for not less than five days nor more than one year, and by a fine of not less than fifty dollars nor more than five hundred dollars.

"On a second or subsequent conviction of either offense within a five year period he shall be punished by imprisonment for not less than thirty days nor more than one year and by a fine not less than one hundred dollars nor more than one thousand dollars, and neither the jail sentence nor the fine shall be suspended: . . ."