**STATE of Utah, Plaintiff and Respondent,**

v.

**Leonard LIPSKY, Defendant and Appellant.**

**No. 17513.**

Supreme Court of Utah.

Dec. 17, 1981.

W. Andrew McCullough, Orem, for Lipsky.

David L. Wilkinson, Atty. Gen., Salt Lake City, for the State.

HOWE, Justice:

This case is before us for the second time. On the first appeal, *State v. Lipsky*, Utah, 608 P.2d 1241, we ordered that the defendant's sentence be set aside and that he be re-sentenced after the state disclosed to him the contents of the presentence report furnished the trial judge by the Adult Probation and Parole Department of the State of Utah. Upon remand to the trial court following that appeal, the defendant was again sentenced to one to five years in the state prison. He now appeals from that second sentence, assailing certain statements in the report which he alleges were prejudicial to his cause for probation.

Following his arrest and while in custody, defendant allegedly confessed to having committed a homicide in Monroe County, New York. While his first appeal was pending, he was extradited there and tried for the crime of second degree murder. A jury found him guilty, but for reasons not appearing in the record, he was acquitted of the offense and returned to the Utah state prison. The verdict was set aside by the court. When the defendant was sentenced for the second time by the court below, the presentence report which was furnished to the judge contained references to the alleged confession and the subsequent proceedings in New York.

The defendant challenges the presentence report because the lower court had no basis for determining whether the allegations regarding the defendant's alleged confession were accurate. Defendant points out that the alleged confession was contained in an unsworn statement by an officer of the Adult Probation and Parole Board and argues that while the state was "not required to formally introduce and prove the veracity of such statement," it should have been presented "in a manner and a fashion to assure [its] validity." Defendant asserts that the reference to the confession and the proceedings in New York were highly prejudicial and were primarily responsible for the trial court's denial of his request for probation.

As noted in this Court's opinion in *Lipsky I*, there is no specific statutory provision in Utah law dealing with presentence reports. We there stated that the trial court may receive information concerning the defendant in the form of a presentence report without the author of the report necessarily personally appearing and testifying in open court. We mandated that the report should be disclosed to the defendant and if he thinks the report is inaccurate in any particular, he should then be given the opportunity to bring such inaccuracies to the court's attention. That is precisely what was done in the court below when the defendant was sentenced for the second time.

The trial court extended counsel for the defendant the opportunity to make a lengthy presentation of why he thought the defendant should be placed on probation rather than remain in the state prison. The defendant also personally made a statement in his behalf. Neither of them denied that the defendant had made the confession nor did they claim it was coerced or untrue. Indeed, defendant's counsel mentioned to the court that Betty Davies of the Adult Probation and Parole Department, to whom the defendant made the confession, testified at the New York trial on behalf of the State of New York. On that occasion, at least, we can be assured that she testified under oath as to the confession having been made to her by the defendant. The court below fully understood that the defendant had been acquitted of the charge in New York and expressly stated it had considered that defendant was found not guilty.

The judge noted that defendant had been a model prisoner and that he had made considerable progress towards rehabilitation, but that psychological test data indicated that while he had temporarily improved, he was not cured, and that he "periodically tends to lose proper intellectual control over his behavior. On such occasions he will display behavior which is impulsive, ego-centered, oppositional and devoid of proper judgment." The judge concluded by stating that the defendant had plead guilty to a very serious violent crime (aggravated assault), and that he should be re-committed to the prison and denied probation.

■ We have previously noted that the sentencing judge is at liberty to acquire information upon which to sentence a defendant from broad and wide sources. *State v. Carson*, Utah, 597 P.2d 862 (1979). While it appears that we have not specifically considered whether that information may include charges which resulted in acquittals, cf. *Morishita v. Morris*, Utah, 621 P.2d 691 (1980), other jurisdictions have approved the use of such information. In *State v. Kelly*, 122 Ariz. 495, 595 P.2d 1040 (1979), the Arizona Court of Appeals pointed out that the broad discretion vested in sentencing judges "extends even so far as to allow consideration of evidence of crimes for which the defendant has been charged, tried and acquitted." Again, in *United States v. Sweig*, 454 F.2d 181 (2d Cir. 1972), the court said:

> . . . just as the sentencing judge may rely upon information as to crimes with which the defendant has been charged but not tried, . . . so here the judge could properly refer to the evidence introduced with respect to crimes of which defendant was acquitted. Acquittal does not have the effect of conclusively establishing the untruth of all evidence introduced· against the defendant. For all that appears in the record of the present case, the jury may have believed all such evidence to be true but have found that some essential element of the charge was not proved. . .

See *State v. Dainard*, 85 Wash.2d 624, 537 P.2d 760 (1975); *State v. Blight*, 89 Wash.2d 38, 569 P.2d 1129 (1977); *State v. Wilcox*, 20 Wash.App. 617, 581 P.2d 596 (1978). We find no error in the consideration by the trial court of the defendant's confession and of the court proceedings in New York.

■ Defendant next argues that the presentence report will in all likelihood be furnished to the Board of Pardons, and that the reference to the New York crime may have an adverse influence upon the Board in deciding whether to grant the defendant a parole. This argument is obviously based upon speculation since neither the defendant nor this Court has any basis for determining what impact, if any, such information has had or ·will ever have upon the Board of Pardons. Nevertheless, all that we have said in this opinion concerning the use of such information at the sentencing phase applies equally to the Board of Pardons when it considers paroling the defendant. At such time as the Board of Pardons considers the defendant's case, the defendant again will have an opportunity to explain his involvement in the New York case. We cannot now presume that the Board will be improperly or unduly influenced by the mention of the offense in the presentence report.

We find no abuse of discretion on the part of the trial court in the sentencing of the defendant. His sentence is therefore affirmed.

HALL, C. J., STEWART, J., and GOULD, District Judge, concur.

OAKS, J., does not participate herein.