[No. 1320-3.   Division Three.   May 25, 1976.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN WILLIAM CHERRY, *Appellant.*

*Collins & Hansen* and *Nels A. Hansen,* for appellant.

*Paul Klasen, Prosecuting Attorney,* for respondent.

MUNSON, J.—The defendant, John William Cherry, appeals from a denial of his motion to withdraw a plea of guilty entered on a charge of violation of the Uniform Controlled Substances Act.

Defendant contends the court erred in refusing to permit withdrawal of the guilty plea in that: (a) defendant's counsel had advised him that he would not be sentenced to the state penitentiary; (b) his presentence investigation report contained matters improperly considered by the court at the time of sentencing. We disagree.

The defendant was charged with three counts of violation of the Uniform Controlled Substances Act, RCW 69.50.401, and he pleaded not guilty to all counts. Pursuant to a plea bargain, the defendant withdrew his plea of not guilty and entered a plea of guilty to count 1; the State requested dismissal of the two remaining counts and the court dismissed them. The court accepted defendant's guilty plea, complied with CrR 4.2(e) and (g)[1] and ordered a presentence investigation pursuant to CrR 7.2(a).[2] De-

---

[1]CrR 4.2(e):

"If a plea of guilty is based upon an agreement between the defendant and the prosecuting attorney, such agreement must be made a part of the record at the time the plea is entered. No agreement shall be made which specifies what action the judge shall take on or pursuant to the plea or which attempts to control the exercise of his discretion, and the court shall so advise the defendant."

CrR 4.2(g):

"A written statement of the defendant in substantially the form set forth below shall be filed on a plea of guilty:  . . ."

[2]CrR 7.2(a):

"The court shall order the Department of Social and Health Services, Division of Institutions, to make a presentence investigation and report to the court before the imposition of sentence or the granting of probation, except that the court may dispense with a presentence report if:

"(1) the maximum penalty is one year or less;

"(2) the defendant has two or more prior felony convictions;

"(3) the defendant refuses to be interviewed by the probation department or requests that disposition be made without a presentence report;

"(4) it is impractical to verify the background of the defendant;

"(5) the court finds in writing, with reasons stated, that the report would be of no practical use."

fense counsel before sentencing reviewed the presentence investigation report, which recommended a sentence to the division of institutions. Counsel then filed a motion to withdraw defendant's plea of guilty based on alleged hearsay statements in the report. The motion was denied. Subsequently, a hearing was held at which the defendant was given an opportunity to challenge the content of the presentence investigation report. CrR 7.2(c)(1).[3] Another motion to withdraw the plea of guilty was denied and the defendant was sentenced to the division of institutions. This appeal followed.

The defendant's contention that the court should be precluded from sentencing the defendant to the division of institutions, because he was advised by his counsel that he would not be so sentenced, is not well taken.

■ The defendant signed and filed a written statement at the time he entered his plea of guilty, which states, *inter alia*:

9. No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.
10. I have been told the Prosecuting Attorney will take the following action and make the following recommendation to the court: Will dismiss Counts 2 and 3 and will make no recommendation to the court.
11. I have been told and fully understand that the court does not have to follow the Prosecuting Attorney's recommendation as to sentence. The court is completely free to give me any sentence it sees fit no matter what the Prosecuting Attorney recommends.
12. The court has told me that if I am sentenced to prison the Judge must sentence me to the maximum term required by the law, which in this case is 5 years.

It was not until the return of the presentence report that the court was advised of defense counsel's statement to his

---

[3] CrR 7.2(c)(1):

"Before imposing sentence the court shall permit the defendant to read the report of the presentence investigation unless in the opinion of the court the report contains information which if disclosed would be harmful to the defendant or other persons; and the court shall afford the defendant or his counsel an opportunity for comment or rebuttal."

client. The court was not bound by that statement. Counsel knew he could not bind the court and at best he could advise his client of the probability of expecting probation. While the court's failure to abide defense counsel's expectation may be embarrassing to him, his statements to his client are in no way binding upon the court. The statement was not revealed to the court until after the presentence report had been submitted and the defendant had been fully advised that only the court determined the sentence. Furthermore, there is no evidence that this defendant entered his plea other than on a basis of his guilt or that his attorney's statement influenced the entry of that plea. Withdrawal of a plea of guilty is discretionary and need be allowed only if it appears necessary to correct a manifest injustice. *State v. Taylor*, 83 Wn.2d 594, 521 P.2d 699 (1974); CrR 4.2(f); CrR 7.1(c). No manifest injustice exists under these facts.

■ Defendant next contends that because the presentence report contained unsubstantiated hearsay allegations that defendant was a drug dealer and had been cohabitating with his female codefendant, those allegations could not be considered in determining defendant's sentence. This contention is not well taken.

CrR 7.2(b) provides:

> The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence . . . and such other information as may be required by the court.

The court in *State v. Dainard*, 85 Wn.2d 624, 626-27, 537 P.2d 760 (1975), in interpreting the scope of the presentence investigation report, stated:

> We do not find the statutes and CrR 7.2 as narrow in their import as the appellant contends. They provide for the gathering and consideration of all information which may be helpful in deciding the question whether the defendant is a good risk for probation.

There the court concluded that an arrest without trial or

conviction, though not proof of guilt, was nevertheless a proper matter for consideration by the court at the time of sentencing. In *State v. Taylor, supra* at 598, the court stated:

> Finally, if the allegation in the presentence report, is inconsistent with investigation of the case by the defense, a remedy is provided in CrR 7.2(c). The withdrawal of the plea of guilty is not required to correct the error.

CrR 7.2(c) provides the defendant's counsel an opportunity for comment or rebuttal as to the contents of the report; such an opportunity was afforded. We are unable to conclude from the testimony taken at that hearing that the report was unreliable. Contrary to his allegation, the defendant was not "convicted on suppositions, probabilities, or conduct which does not compliment the customs or morals of the officers of the Court." The court obviously did not believe the defendant's testimony at that hearing, but believed that his participation in drug traffic within that geographic area was greater than the charge to which the defendant had pleaded guilty. While the trial judge commented on the defendant's living arrangement with the codefendant, the judge was primarily concerned that the defendant would cause the codefendant to become addicted to the use of drugs. We find no abuse of discretion.

Judgment is affirmed.

McINTURFF, C.J., and GREEN, J., concur.