[No. 2080-2.    Division Two.    November 22, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH ASHLEY, *Appellant*.

*James M. Caraher* and *George W. Dixon,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

JOHNSON, J.*—The defendant was charged in two separate informations with the crime of robbery. After considerable negotiations, the defendant agreed to plead guilty to the crime of grand larceny on condition the two counts of robbery were dismissed.

On January 29, 1975, the defendant, with his counsel, appeared before the court for the purpose of entering a plea as agreed. After a full and careful examination by the court and the filing of a written statement as prescribed by CrR 4.2(g), in which the defendant wrote, "Me and two friends took some money from fellow without permission," the court accepted the plea of guilty to the crime of grand larceny.

A presentence report was ordered and at the suggestion of the probation officer the court referred the defendant to Western State Hospital for a psychiatric examination. After an hour's examination, a psychiatrist and a clinical psychologist concluded, "Because of the severity of the retardation, it would be difficult to find this man competent to stand trial, although he does know that the penalty for such procedures could cause incarceration in the penitentiary system." The court then wrote the doctors, inquiring whether, in their opinion, the defendant was responsible under the *M'Naghten* rule. The response was, "To clarify the situation in regard to Mr. Ashley's mental responsibility at the time of his alleged crime, it is our firm opinion that Mr. Ashley does fit the M'Naghten Rule." The defendant then moved to be allowed to withdraw his plea of guilty.

The court fixed April 30, 1975, as the time for hearing the motion and determining the mental capacity of the defendant at the time of the entry of his plea. On that date the defendant called as a witness Dr. Francuch, who testified that the *M'Naghten* rule applied because the defendant by reason of retardation was not sufficiently able to intellectually distinguish between right and wrong to perceive the

---

*Judge Bertil E. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

moral qualities of his conduct. However, he further testified the defendant had some abilities, was trainable, remembered the incident involved although he attempted to excuse his conduct, comprehended what was happening in the courtroom, knew the consequences of a plea of guilty, would not commit a crime if a policeman were watching, and had sufficient basic intelligence to make him amenable to learning.

The court, after considering the opinion of Dr. Francuch in light of his own testimony, the undisputed background facts, the court's own observation of the defendant at the time of the plea and following the statement filled in and signed by the defendant, concluded that the defendant did not come within the test of *M'Naghten*, that the defendant had failed to sustain the burden placed upon him by *State v. Taylor*, 83 Wn.2d 594, 521 P.2d 699 (1974), and therefore denied the motion to withdraw the plea of guilty.

Defendant now makes two assignments of error: (1) failure to allow defendant to withdraw his plea of guilty; and (2) failure to stay the sentencing, thereby denying the defendant due process.

The motion to withdraw the plea of guilty was presumably made under the authority of CrR 4.2(f), which reads: "The court shall allow a defendant to withdraw his plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice."

■ The requirements and burdens placed upon a moving party are outlined in *State v. Taylor*, *supra* at 596, which discusses the history of the applicable rule and the standard required.

> [T]he trial court shall allow a defendant to withdraw his plea of guilty whenever it appears that withdrawal is (1) *necessary* to correct a (2) *manifest injustice, i.e.,* an injustice that is obvious, directly observable, overt, not obscure. . . . this imposes upon the defendant a demanding standard.

(Citation omitted.) *See also State v. Armstead*, 13 Wn. App. 59, 533 P.2d 147 (1975).

The Supreme Court in *State v. Taylor, supra,* recited four indicia of manifest injustice (1) denial of effective counsel, (2) plea not ratified by the defendant or one authorized by him to do so, (3) plea involuntary, or (4) plea agreement not kept by the prosecution. None is present in this case except possibly (3), plea involuntary by reason of defendant's mental condition.

The critical period is the time of the entry of the guilty plea. The court set the matter for an evidentiary hearing to determine the mental condition of the defendant at the time of entry of the plea, and held that the defendant had failed to sustain the burden placed upon him by *State v. Taylor, supra.* In effect, the court found that the defendant was of sufficient mentality to freely, understandingly, and competently enter his plea.

It is the court and not the particular expert testifying that makes the decision. The ultimate question for decision is one of fact. *State v. Thomas,* 8 Wn. App. 495, 507 P.2d 153 (1973); *State v. Reece,* 79 Wn.2d 453, 486 P.2d 1088 (1971); *State v. Johnson,* 67 Wn.2d 671, 409 P.2d 655 (1965); *State v. Putzell,* 40 Wn.2d 174, 242 P.2d 180 (1952). There is nothing in the record before us which indicates that the withdrawal of defendant's plea of guilty was necessary to correct a manifest injustice.

In view of our holding here, there is no merit to the second assignment of error.

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.