[No. 38750-2-I.   Division One.   August 11, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. TONY LEMAR SMITH, *Appellant*.

*Shannon B. Marsh* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Erin Riley, Deputy*, for respondent.

BAKER, C.J. — A guilty plea that is made intelligently, voluntarily, and with an understanding of its consequences waives the right to an appeal.[1] A "well nigh irrefutable" presumption of voluntariness exists when a trial court orally inquires about the voluntariness of a plea form that a defendant admits to having read, understood, and signed.[2] A trial court accepted Tony Lemar Smith's plea of guilty to a violation of the Uniform Controlled Substances Act. He now argues that he reserved the right to appeal the denial of his CrR 3.6 suppression

[1]*State v. Perkins*, 108 Wn.2d 212, 215, 737 P.2d 250 (1987).

[2]*State v. Perez*, 33 Wn. App. 258, 261-62, 654 P.2d 708 (1982).

motion. We hold that he has failed to overcome the presumption that his plea was voluntary and affirm.[3]

## FACTS

Two police officers, who knew Smith, approached him and engaged in what they characterized as a social contact with him. When they noticed that his behavior and speech were different than normal, they asked him to open his mouth. They discovered rock cocaine and arrested Smith. He was charged with possession of cocaine. Smith moved to suppress the cocaine evidence, arguing that the officers' contact was an unlawful seizure. The trial court denied Smith's motion.

At that point, Smith's counsel informed the court that Smith intended to plead guilty, "reserv[ing] the right to appeal the court's ruling on the motion to dismiss, the probable cause to arrest[,] and no probable cause or no reasonable, articulable suspicion of criminal activity to detain." Smith did not request or receive a bench trial on stipulated facts.

The prosecutor questioned Smith about entering the guilty plea. Smith indicated that he reviewed the plea form with his attorney, read it himself, understood it, and had no questions about it. He also understood that he was giving up the rights listed on the form, among which was the right to appeal. He admitted that he signed the plea without coercion or promises.

Smith's counsel attested to reviewing the guilty plea with Smith, noting that she explained that a sentence within the standard range was not appealable, the plea itself was not appealable, but that he reserved the right to appeal the court's pretrial motion. Smith's counsel concluded that she thought Smith's guilty plea was knowing, voluntary, and intelligent.

The trial court also discussed the guilty plea with Smith.

---

[3]Without addressing the merits of Smith's arguments, we note that findings of fact from a suppression hearing are unnecessary after a guilty plea is entered.

After the court explained the right to a trial and the basics of sentencing, Smith told the court that he had no questions about the rights he was giving up by entering the plea. The court then accepted the plea as knowing, voluntary, and intelligent.

The plea agreement does not indicate that Smith reserved any rights when he pleaded guilty. The order of disposition entered approximately two weeks later indicated that the sentence was entered based upon a guilty plea. Smith never moved to withdraw his guilty plea.

## ANALYSIS

Smith argues that his counsel's mistaken belief that he could reserve the right to appeal the suppression issue by entering a guilty plea with an oral reservation instead of requesting a bench trial on stipulated facts precluded a determination that his plea was knowing, voluntary, and intelligent. The State maintains that Smith waived his right to appeal by voluntarily signing, acknowledging, and discussing the plea agreement's terms. We agree with the State.

██ Generally, a guilty plea waives the right to appeal.[4] That right may be waived when a plea agreement is made intelligently, voluntarily, and with an understanding of its consequences.[5] A strong presumption of voluntariness exists when a defendant completes the plea form, and admits to reading, understanding, and signing it.[6] That presumption is "well nigh irrefutable" when a trial court orally inquires about voluntariness.[7]

██ Initially, Smith claims that he reserved the right to appeal the CrR 3.6 ruling by his counsel's statements to

---

[4]*State v. Olson*, 73 Wn. App. 348, 353, 869 P.2d 110, *review denied*, 124 Wn.2d 1029 (1994).

[5]*Perkins*, 108 Wn.2d at 215.

[6]*Perez*, 33 Wn. App. at 261-62.

[7]*Perez*, 33 Wn. App. at 262.

that effect. We disagree. Even though Smith's counsel mistakenly believed that Smith could plead guilty and reserve his right to appeal, ample evidence exists showing that this plea was knowing, voluntary, and intelligent.[8]

The guilty plea form signed by Smith specifically states that he waived the right to appeal any issue other than an exceptional sentence. When asked by the court, Smith had no questions about the guilty plea. The record also indicates that the prosecutor, Smith's counsel, and the court discussed the guilty plea with Smith, and that they all believed that it was made knowingly, voluntarily, and intelligently.[9] In addition, the order of disposition indicates that the sentence was given on a guilty plea. Smith's counsel's mistaken belief that Smith could plead guilty and still reserve the right to appeal does not overcome this evidence that Smith's plea was knowing, voluntary, and intelligent. The trial court did not err in accepting the plea.

Unlike a guilty plea, the right to appeal is preserved when a criminal defendant agrees to a trial on stipulated facts.[10] In *Olson* the court held that the case was appealable because both sides agreed that Olson had not intended to enter a guilty plea, but intended to have a stipulated facts trial.[11] In addition, the plea agreement indicated that Olson stipulated to the facts in the police report to preserve his appeal rights, and the judgment and sentence indicated that Olson was found guilty by court verdict, not by plea.[12]

Several facts distinguish this case from *Olson*. Smith's counsel never requested a stipulated facts trial. The State

---

[8]We note that Smith has raised no issue of ineffective assistance of counsel.

[9]No one specifically asked Smith whether he knew that he waived the right to appeal by pleading guilty, but the prosecutor and the court both asked Smith if he understood that by pleading guilty he waived the rights in paragraph 6, which included the right to appeal.

[10]*Olson*, 73 Wn. App. at 353.

[11]*Olson*, 73 Wn. App. at 353.

[12]*Olson*, 73 Wn. App. at 353.

does not concede that the parties intended a stipulated facts trial. The guilty plea contains no language indicating such an intent. And, the judgment and sentence indicate that Smith was found guilty by plea, not by court verdict.

In spite of the attempt by Smith's counsel to reserve his right to appeal, the record contains ample evidence that Smith voluntarily pleaded guilty. By entering such a plea, Smith waived his right to appeal the trial court's denial of his suppression motion.

Affirmed.

BECKER and COX, JJ., concur.