[No. 24953-1-III.   Division Three.   March 27, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRY M. MONCRIEF, *Appellant*.

*Cece L. Glenn*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

¶1 KULIK, J. — Under former RCW 9.94A.030(32) (2002), a persistent offender is one who has been convicted in this state of a felony that is a most serious offense and has been convicted on two prior occasions of felonies that are considered most serious offenses under Washington law. The superior court determined Terry M. Moncrief was a persistent offender and sentenced him on multiple sex offense convictions to life in prison without possibility of release. The court based its determination on a finding that Mr. Moncrief's prior 1984 conviction in military court for sodomy with a child under the age of 16 was comparable to the offense of first degree rape of a child under the age of 12.

¶2 On appeal, Mr. Moncrief argues that the superior court violated his right to a trial by jury when it relied upon a "stipulation of fact," signed by him and entered in the military proceeding. The stipulation included a statement that the victim of the sodomy was six years old and, therefore, supported the superior court's determination that the sodomy conviction was comparable to first degree rape of a child.

¶3 We hold the superior court properly relied on Mr. Moncrief's signed stipulation to establish the fact of the child's age in the prior conviction, and we affirm the conviction.

## FACTS

¶4 On January 25, 2006, the superior court entered a judgment and sentence on a jury verdict that found Terry M. Moncrief guilty of third degree child molestation; possession of depictions of minors engaged in sexually explicit conduct, with sexual motivation; and sexual exploitation of a minor, also with sexual motivation. The latter offense is a "most serious offense." Former RCW 9.94A.030(28)(p) (2002). The superior court found that Mr. Moncrief had two prior convictions for offenses that were "most serious offenses," and, therefore, he was a persistent offender. *See* former RCW 9.94A.030(32)(a)(i), (ii) (2002).[1] Thus, it imposed on Mr. Moncrief a life sentence without the possibility of release. *See* RCW 9.94A.570.

---

[1] Former RCW 9.94A.030(32) provided that a "persistent offender" is one who:

  (a)(i) Has been convicted in this state of any felony considered a most serious offense; and

  (ii) Has, before the commission of the offense under (a) of this subsection, been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be included in the offender score under RCW 9.94A.525 . . . or

  (b)(i) Has been convicted of: (A) Rape in the first degree, rape of a child in the first degree, child molestation in the first degree, rape in the second degree, rape of a child in the second degree, or indecent liberties by forcible compulsion; (B) any of the following offenses with a finding of sexual motivation: Murder in the first degree, murder in the second degree, homicide by abuse, kidnapping in the first degree, kidnapping in the second degree, assault in the first degree, assault in the second degree, assault of a child in the first degree, or burglary in the first degree; or (C) an attempt to commit any crime listed in this subsection (32)(b)(i); and

  (ii) Has, before the commission of the offense under (b)(i) of this subsection, been convicted as an offender on at least one occasion, whether in this state or elsewhere, of an offense listed in (b)(i) of this subsection or any federal or out-of-state offense or offense under prior Washington law that is comparable to the offenses listed in (b)(i) of this subsection.

Former RCW 9.94A.030(28)(a) included in its definition of "most serious offense." "[a]ny felony defined under any law as a class A felony."

¶5 At sentencing, Mr. Moncrief argued that his prior 1984 conviction in military court for sodomy with a child *under the age of 16 years* was not a "most serious offense." The superior court disagreed and found the sodomy offense comparable to first degree child rape, which occurs when "the person has sexual intercourse with another *who is less than twelve years old.*" RCW 9A.44.073 (emphasis added). First degree child rape is a "most serious offense" and, therefore, can be used as a predicate offense for finding persistent offender status. *See* former RCW 9.94A.030(28). In concluding the offenses were comparable, the superior court relied upon a certified "stipulation of fact" entered in the prior military proceeding and signed by Mr. Moncrief. That stipulation included the fact that the victim of the sodomy was six years old.

## ISSUE

¶6 At issue in this appeal is the superior court's reliance on the "stipulation of fact" to establish the victim's age in the prior offense. In doing so, did the superior court violate Mr. Moncrief's right to trial by jury as set forth in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)?

*Standard of Review*

¶7 "A challenge to the classification of an out-of-state conviction is reviewed de novo." *State v. Beals*, 100 Wn. App. 189, 196, 997 P.2d 941 (2000) (citing *State v. McCorkle*, 88 Wn. App. 485, 493, 945 P.2d 736 (1997), *aff'd*, 137 Wn.2d 490, 973 P.2d 461 (1999)).

*Reliance on Stipulation by Court in Subsequent Conviction*

¶8 In dicta, *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) supports the superior court's decision here. *Shepard* involved an appeal from a

sentence under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), which mandated a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for violent felonies. *Shepard*, 544 U.S. at 15. The Court in *Shepard* observed that, under its prior decision in *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), the sentencing court could properly look at statutory elements, charging documents, and jury instructions to determine whether an earlier conviction satisfied the definition of violent felony. *Shepard*, 544 U.S. at 16. The question before the Court in *Shepard* was whether a sentencing court, in making this determination in the *guilty plea* context, could also look at *police reports* submitted with the application for issuance of the complaint. *Id.*

¶9 The Supreme Court concluded that the sentencing court could *not* consider such information. *Id.* at 15. Indeed, consideration of those police reports would offend a defendant's right to have a jury determine disputed facts used to increase a sentence, as set forth in cases decided subsequent to *Taylor*, such as *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Shepard*, 544 U.S. at 24. But the Court in *Shepard* also stated in dicta that in guilty plea cases, "the statement of factual basis for the charge, . . . shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact *adopted by the defendant* upon entering the plea," constitute evidence of the facts of the offense upon which a subsequent sentencing court could properly rely. *Id.* at 20-21 (emphasis added).

¶10 Here, Mr. Moncrief's "stipulation of fact" begins as follows: "It is hereby agreed by and between all trial counsel and all defense counsel *with the express consent of the accused*, that the following facts are true and susceptible of proof." Pl. Ex. 3 (emphasis added). The stipulation also states that "the accused became friends with . . . three children. The children [included] Barney W. who was six."

Pl. Ex. 3. Barney W. was the victim in the sodomy charge against Mr. Moncrief. Mr. Moncrief's signature appears at the end of the stipulation.

¶11 The foregoing stipulation matches *Shepard*'s description of evidence upon which a court at a later sentencing hearing can properly rely. The stipulation is a record of findings in the prior plea hearing, adopted by the defendant. *Shepard*, 544 U.S. at 20-21. Accordingly, the sentencing court here did not offend *Blakely* when it considered facts contained in Mr. Moncrief's signed stipulation from the prior proceeding.

## Ortega *Is Distinguishable*

¶12 Mr. Moncrief cites *State v. Ortega*, 120 Wn. App. 165, 84 P.3d 935 (2004), which is distinguishable. There, the superior court held *Apprendi* prohibited it from considering testimony, offered by the State at the sentencing hearing, of a Texas official who reviewed police files in the prior conviction and stated that the victim was 10 years old. *Id.* at 173-74. On appeal, this court agreed that the superior court had properly refused to use that testimony to find that the Texas conviction was comparable to Washington's first degree child molestation statute. We held that "*Apprendi* prohibits a sentencing court's consideration of the underlying facts of a prior conviction if those facts were not found by the trier of fact beyond a reasonable doubt." *Id.* at 174.

¶13 The only other evidence of the victim's age came from letters submitted by Mr. Ortega. The letters from the victim and her mother asked the court to provide Mr. Ortega with counseling. The letters specifically stated that the victim was 10 years old. *Id.* at 173-74. Since Mr. Ortega's purpose in offering the letters was to support his request for a sentence under the special sex offender sentencing alternative, and since the letters did not appear to be admissions by Mr. Ortega, the court held that they "were not offered for the purpose of illuminating the underlying facts of the Texas conviction." *Id.* at 174 n.2.

¶14 In contrast, Mr. Moncrief's stipulation was an admission made by him in the prior proceeding to illuminate the facts underlying his guilty plea in military court. The sentencing court here did not need to take any additional evidence to identify the child's age in the prior military conviction.

### Analogous Authority

¶15 Analogous support for the superior court's decision here is provided by a recent Washington Supreme Court case that considered the effect of a defendant's stipulation to an exceptional sentence after a guilty plea. In *State v. Ermels*, 156 Wn.2d 528, 537, 131 P.3d 299 (2006), the court cited the United States Supreme Court's observation in *Blakely* that a jury need not find the facts to support an exceptional sentence if the defendant pleads guilty and stipulates to the relevant facts. The court stated that " '[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.' " *Id.* (quoting *Blakely*, 542 U.S. at 310).

¶16 The Washington court relied upon this language and concluded that Mr. Ermels's exceptional sentence did not depend on improper *Blakely* fact finding. *Id.* at 542-43. Rather, Mr. Ermels's case "only present[ed] an issue as to whether [his] plea was knowing, intelligent, and voluntary. [And, b]ecause the portions of his plea agreement stipulating to the facts supporting the exceptional sentence and the legal basis for the exceptional sentence [were] indivisible from the rest of his plea agreement, he [could not] challenge the exceptional sentence without challenging the entire plea." *Id.* at 542.

¶17 We see no material distinction between the court's reliance on the stipulation in the guilty plea in *Ermels* and the court's reliance here on Mr. Moncrief's stipulation in his guilty plea in military court. Neither offend *Blakely*.

## CONCLUSION

¶18 The superior court properly considered Mr. Moncrief's stipulation in his prior military conviction that the child victim there was six years old. This fact supports the superior court's determination that the prior conviction was comparable to first degree rape of a child. That determination, in turn, supports the finding that Mr. Moncrief is a persistent offender.

¶19 The judgment and sentence are affirmed.

SWEENEY, C.J., and BROWN, J., concur.