IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36075-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FELIPE MERCADO-BARAJAS, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

SIDDOWAY, J. — Felipe Mercado-Barajas Jr. was convicted by a Franklin County jury in 2018 of unlawful possession of methamphetamine. Using an offender score of 7, the trial court sentenced him in the standard range to 14 months of confinement and 12 months of community custody. The court also imposed legal financial obligations (LFOs) that included $200 in court costs and $100 for DNA[1] collection.

On appeal, Mr. Mercado-Barajas seeks a resentencing hearing. He contends one of his class C felonies should not have been included in his offender score, and he

---

[1] Deoxyribonucleic acid.

challenges the imposition of the court costs and the DNA fee in his LFOs. We remand

for resentencing.

FACTS

In February 2018, a Franklin County police officer patrolled a private road that

was reportedly the site of frequent trespassing. The officer saw a white car parked "in the

middle of a hay stack." Clerk's Papers at 1. As the officer drove up to the car, Mr.

Mercado-Barajas stepped out of the car and began reaching into the pockets of his jacket

and pants. Mr. Mercado-Barajas refused to comply with the officer's demands that he

stop moving around the car and that he keep his hands visible. After the officer cuffed

him, Mr. Mercado-Barajas admitted that he did not have permission to be on the

property. The officer learned that Mr. Mercado-Barajas had two arrest warrants, and

arrested him. In the search incident to arrest, the officer found two small baggies of

methamphetamine in Mr. Mercado-Barajas's front pants pocket. Later that day, the

owner of the white car stated that Mr. Mercado-Barajas did not have permission to drive

the car.

The State charged Mr. Mercado-Barajas with unlawful possession of a controlled

substance (methamphetamine), second degree taking a motor vehicle without permission,

and second degree criminal trespass. A jury found him guilty of the possession charge

and not guilty of taking the motor vehicle. The jury could not reach a verdict on the

trespass charge, which was dismissed. At sentencing, the State presented a criminal

history that included six prior adult felonies and two prior juvenile felonies. With an

offender score of 7, the standard range for Mr. Mercado-Barajas's offense was 12+ to 24

months. *See* RCW 9.94A.517. The court imposed a sentence of 14 months plus 12

months of community custody. Additionally, the court found that Mr. Mercado-Barajas

had been unemployed for a lengthy period and therefore imposed only $800 in LFOs,

including a $500 victim assessment fee, a $200 court fee, and a $100 DNA collection fee.

The trial court entered an order of indigency with Mr. Mercado-Barajas's timely appeal.

OFFENDER SCORE

Mr. Mercado-Barajas contends the trial court miscalculated his offender score

when it included a point for a 2002 class C felony that should have washed out. We

review a trial court's offender score calculation de novo. *State v. Cross*, 156 Wn. App.

568, 587, 234 P.3d 288 (2010).

To determine the sentencing range for a particular defendant, the trial court adds

together the defendant's current offenses and the prior convictions. RCW

9.94A.589(1)(a). *State v. Hunley*, 175 Wn.2d 901, 908-09, 287 P.3d 584 (2012). In

making this calculation, the court relies solely on information admitted in the plea

agreement or admitted, acknowledged, or proved by the State at trial with a

preponderance of the evidence. RCW 9.94A.530(2); *Hunley*, 175 Wn.2d at 909-10. A

defendant generally cannot waive a challenge to a miscalculated offender score. *State v.*

*Wilson*, 170 Wn.2d 682, 688, 244 P.3d 950 (2010).

3

Under RCW 9.94A.525(2)(c), prior class C felonies wash out if, since the last date of release from confinement for a felony conviction, or from entry of a judgment and sentence, the offender spent five consecutive years in the community without committing a crime that resulted in a conviction. Mr. Mercado-Barajas's current judgment and sentence includes a class C felony—attempt to elude a pursuing police vehicle (RCW 46.61.024(1))—sentenced on February 19, 2002. The criminal history shows that the next crime that resulted in a conviction was third degree rape of a child, committed on October 1, 2007, more than five years after entry of his 2002 conviction. Citing RCW 9.94A.525(2)(c), Mr. Mercado-Barajas contends the trial court incorrectly included the point for the 2002 class C conviction in his offender score.

In response, the State contends it has records that will prove that Mr. Mercado-Barajas committed 20 misdemeanors between the 2002 and 2007 crimes, and will provide those records if this court remands for recalculation of the offender score. Additionally, however, the State contends the issue is "moot" because the sentence would be the same with or without the correction. Because the current offense is a Level I drug crime (RCW 9.94A.518), the trial court used the drug offense sentencing grid in RCW 9.94A.517, which presents a sentence range of 12+ to 24 months for an offender score of 6 to 9 or more. Thus, Mr. Mercado-Barajas would face the same sentence range if the 2002 class C felony was subtracted, leaving a score of 6.

4

A claim is moot if this court cannot provide effective relief. *Hunley*, 175 Wn.2d at 907. Contrary to the State's argument, Mr. Mercado-Barajas's claim is not moot, because we can remand for consideration of the State's evidence that the 2002 class C felony does not wash. *See State v. Jones*, 182 Wn.2d 1, 10-11, 338 P.3d 278 (2014). Nothing in the record indicates why the trial court chose the low-middle end of the standard range for Mr. Mercado-Barajas's offense. If the class C felony should wash, the trial court may reconsider its sentence within the 12+ to 24 month sentence range. *See State v. McCorkle*, 88 Wn. App. 485, 499-500, 945 P.2d 736 (1997), *aff'd*, 137 Wn.2d 490, 973 P.2d 461 (1999) (when the court incorrectly calculates the offender score, remand is the remedy unless the record clearly indicates that the sentencing court would have imposed the same sentence anyway).

It appears to this court that Mr. Mercado-Barajas's sentence may remain the same whether or not the 2002 class C felony washes from his offender score. Remand is necessary, however, because a sentence based on an incorrect offender score is a fundamental defect that a trial court has the power and duty to correct. *Wilson*, 170 Wn.2d at 688-89. Consequently, we remand to the trial court for reconsideration of the offender score and sentence, allowing both parties the opportunity to present evidence relevant to the criminal history. *Jones*, 182 Wn.2d at 10-11.

LFOs

Mr. Mercado-Barajas additionally challenges the imposition of the $200 criminal filing fee and the $100 DNA collection fees in his LFOs. He contends he is indigent and therefore these fees are prohibited under RCW 36.18.020(2)(h) (filing fee) and RCW 43.43.7541 (DNA collection fee). These statutes, amended effective June 7, 2018, by House Bill 1783 (LAWS OF 2018, ch. 269, §§ 6(3), 17), apply prospectively to cases on direct appeal at the time the amendment was enacted. *State v. Ramirez*, 191 Wn.2d 732, 749, 426 P.3d 714 (2018). Mr. Mercado-Barajas's judgment and sentence was filed on April 24, 2018, and is still on direct appeal.

Under RCW 36.18.020(2)(h), an adult defendant is liable for a $200 criminal filing fee unless the defendant is determined to be indigent. The trial court signed an order of indigency and further indicated on the judgment and sentence that Mr. Mercado-Barajas had been unemployed for a lengthy period. RCW 43.43.7541 states that most criminal offenders must pay a $100 DNA collection fee "unless the state has previously collected the offender's DNA as a result of a prior conviction." The State concedes that Mr. Mercado-Barajas is indigent and that his DNA was collected after prior convictions. The case is therefore remanded to strike the $200 criminal filing fee and the $100 DNA collection fee from Mr. Mercado-Barajas's LFOs.

CONCLUSION

Mr. Mercado-Barajas challenges solely the offender score and the LFOs, and his claims have merit. His judgment and sentence is remanded for resentencing. The trial court is directed to determine the accuracy of his offender score and to strike the criminal filing and DNA collection fees.

Remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

7